A CERTIFIED TRUE COPY

APR 2 9 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*RELEASED FOR PUBLICATION*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 2 9 2005

FILED
CLERK'S OFFICE

*DOCKET NO. 1672*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE EXPRESS SCRIPTS, INC., PHARMACY BENEFITS MANAGEMENT LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

## TRANSFER ORDER

This litigation presently consists of eight actions: four actions in the Eastern District of Missouri, three actions in the Southern District of New York, and one action in the Southern District of Illinois.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by the Illinois plaintiff to centralize these actions in the Southern District of Illinois for coordinated or consolidated pretrial proceedings. Plaintiffs in three Missouri actions along with plaintiffs in the potentially related Connecticut action agree that centralization is appropriate, but suggest the Eastern District of Missouri as transferee district. The Connecticut plaintiff alternatively suggests the District of Connecticut as transferee district. Plaintiff in one New York action does not oppose centralization of all or some of the actions, but suggests centralization in the Southern District of New York. Remaining New York and Missouri plaintiffs oppose centralization. If the Panel deems centralization appropriate, the opposing New York plaintiffs support centralization in the Southern District of New York, while the opposing Missouri plaintiffs support selection of the Missouri district as transferee forum. The Express Scripts, Inc. (ESI) defendants[2] oppose centralization; if the Panel deems centralization appropriate, ESI favors selection of either the New York or the Missouri district as transferee forum.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the Eastern District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of ESI's conduct as a pharmacy benefit manager, including whether ESI unlawfully enriches itself *vis-a-vis* the benefit plans as a result of, among other things, undisclosed dealings with pharmacies and drug manufacturers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial

---

[1] The Panel has been notified that three potentially related actions have recently been filed: two actions in the Southern District of New York and one action in the District of Connecticut. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] ESI; National Prescription Administrators, Inc.; Express Scripts Utilization Management Co.; and ESI Mail Pharmacy Service, Inc.

- 2 -

rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary. We leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Equity Funding Corp. of America Securities Litigation*, 375 F.Supp. 1378, 1384-85 (J.P.M.L. 1974).

We are persuaded that the Eastern District of Missouri is an appropriate transferee forum for this litigation. We note that this Missouri district is conveniently located for many parties and witnesses, including ESI which is headquartered in Missouri, and ii) documents and witnesses will likely be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Missouri are transferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable Stephen N. Limbaugh for coordinated or consolidated pretrial proceedings with the actions pending there.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

<u>MDL-1672 -- In re Express Scripts, Inc., Pharmacy Benefits Management Litigation</u>

### Southern District of Illinois

*Central Laborers' Welfare Fund v. Express Scripts, Inc., et al.*, C.A. No. 3:04-791

### Eastern District of Missouri

*Gerald R. Minshew v. Express Scripts, Inc.*, C.A. No. 4:02-1503
*Richard Mixon, et al. v. Express Scripts, Inc.*, C.A. No. 4:03-1519
*Karen Cameron v. Express Scripts, Inc.*, C.A. No. 4:03-1520
*Fidelity Insurance Co., et al. v. Express Scripts, Inc., et al.*, C.A. No. 4:03-1521

### Southern District of New York

*Patrick J. Lynch, etc. v. National Prescription Administrators, Inc., et al.*,
   C.A. No. 1:03-1303
*United Food & Commercial Workers Unions & Employers Midwest Health Benefits Fund
 v. National Prescription Administrators, Inc., et al.*, C.A. No. 1:04-7472
*William E. Scheuerman, et al. v. Express Scripts, Inc.*, C.A. No. 1:04-7616