UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re EXPRESS SCRIPTS, INC., )
PBM LITIGATION )
)
) **Master Case No. 4:05-MD-01672-SNL**

*This Document Relates to:*

LOCAL 153 HEALTH FUND,
individually, and on behalf of all
others similarly situated,
    Plaintiff,

vs.                            Member Case No. 4:05-CV-00862 SNL

EXPRESS SCRIPTS, INC.,
and ESI MAIL PHARMACY SERVICES, INC.,
    Defendants.

## MEMORANDUM

Express Scripts, Inc. and its related entities are defendants in several interrelated cases which were consolidated for coordinated pre-trial proceedings by the Judicial Panel on Multi-District Litigation ("MDL"). In the instant matter, Plaintiff Local 153 Health Fund, brought this class action lawsuit asserting, in part, claims arising under the Employment Retirement Income Security Act ("ERISA"), codified at 29 U.S.C. § 1001, *et seq*. This matter is before the Court on Defendants' motion to dismiss (Document # 8, filed July 26, 2005). Defendants Express Scripts, Inc. ("ESI") and ESI Mail Pharmacy Services, Inc. (ESI Mail) move the Court to dismiss Plaintiff's complaint, pursuant to the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction under 12(b)(1), and failure to state a claim upon which relief can be granted under 12(b)(6).

Upon review of this matter, the Court adjourns ruling on Defendants' motion to dismiss. Notwithstanding Defendants' well-founded and well-received arguments regarding this Court's jurisdiction, or lack thereof; the Court **HEREBY GRANTS** Plaintiff **TEN (10) DAYS** leave to amend its complaint to name a proper party. The analysis as follows.

# CHOICE OF LAW

Unlike the master case,[FN1] and several other member cases transferred to this Court from the United States District Court for the Southern District of New York; the instant case was directly filed in the Eastern District of Missouri on the basis that "Defendants' liability arose in this Judicial District and/or a substantial part of the events and conduct giving rise to the violations of law asserted herein occurred in this Judicial District." (Doc. #1 at ¶11.) Plaintiff further alleges proper venue in that "all related cases against these PBM defendants [were] transferred to this Court..." (*Id.*) *See* 28 U.S.C. §1391(a)-(b).

> **FN1**. *In re Express Scripts, Inc., Pharmacy Benefits Management Litigation*, Cause No. 4:05-MDL-01672, filed Apr. 29, 2005.

While Plaintiff may have filed directly into the Eastern District of Missouri so as to eliminate some administrative inefficiencies of multidistrict litigation, *see In re Vioxx Products Liability Litigation*, 478 F.Supp.2d 897, 904 (D.La. 2007) ("Direct filing into the MDL avoids the expense and delay associated with plaintiffs filing in local federal courts around the country after the creation of an MDL and waiting for the Panel to transfer these 'tag-a-long' actions to this district."); *see also* 28 U.S.C.A. § 1407; before the Court turns to its substantive analysis, it must first address the choice of law issue.

Where federal questions are at issue, "consolidated cases are controlled by the law of this circuit, rather than that of the various circuits in which they were first filed." *Campos v. Ticketmaster Corp.*, 140 F.3d 1166, 1171 n.4 (8th Cir. 1998); *see also In re Temporomandibular Joint (TMJ) Implants Recipients v. E.I. Du Pont De Nemours & Co.*, 97 F.3d 1050, 1055 (8th Cir. 1996). Accordingly, in dealing with federal questions, the Court will apply Eighth Circuit precedent.

As to state substantive law issues, a transferee court in a MDL case generally "must apply the choice of law rules of the jurisdiction in which each case was originally filed." *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964)); *see also Ferens v. John Deere Co.*, 494 U.S. 516, 524-25 (1990). The instant case presents a scenario in which the complaint was filed directly into the MDL; thereupon, this Court shall apply Missouri choice of law principles. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."); *see also*

RESTATEMENT (SECOND) OF CONFLICT OF LAWS §122 (1971) ("A court usually applies its own local law rules prescribing how litigation shall be conducted even when it applies the local law rules of another state to resolve other issues in the case.").

Missouri courts apply the "most significant relationship" test for both tort and contract claims. *Rotskoff v. Cooley*, 438 F.3d 852, 855-56 (8th Cir. 2006) (factors for tort claims); *DCS Sanitation Managment, Inc. v. Casillo*, 435 F.3d 892, 896 (8th Cir. 2006) (factors for contract claims); RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§145 & 188 (1971). Applying the most significant relationship test to the case at bar, the Court finds that New York law governs the state law issues.[FN2]

> **FN2**. With respect to the tort claims alleged here, the complaint states: (a) the injury occurred in New York, in that Plaintiff (i) purchased pharmaceutical drugs in New York, (ii) was billed in New York, and (iii) was injured by Defendants' pharmacy benefits management ("PBM") of rebates, discounts, and kickbacks which accrued in New York. Next, (b) the alleged conduct causing the injury presumably occurred in both Missouri and New York. While both Defendants maintain their principal places of business in Missouri, they also have corporate presence in New York. (Doc. #1 at ¶¶13-14.) As to (c) the parties' residences/ places of business, given the facts presently available to the Court, Plaintiff resides and principally conducts business in New York (Doc. #1 at ¶12), and presumably represents the interests of plan members domiciled in New York; while both Defendants reside and principally conduct business in Missouri. Lastly, the Court finds that the parties' relationship is centered in New York, in that Defendants provide PBM services to plan members living in New York.
>
> As to the contract claims, (a) the parties' contract was originally entered into, and (b) negotiated, as between Plaintiff and National Prescription Administrators, Inc. ("NPA"). (Doc. #1 at ¶3.) Upon ESI's purchase of NPA in 2002, ESI took over NPA's contractual obligations. (*Id.*) Thereupon, the Court does not consider the parties' place of contracting and/or negotiation to be controlling factors in its analysis. As for (c) and (d), the Court finds that performance was to take place, and the contract's subject matter was located, in New York. More specifically, the contract's purpose was for Defendant, hired as a PBM, to provide pharmacy plan benefits to certain members and retirees of an employee union. Plaintiff principally conduct business in New York; therefore, presumably, the members of the plan (i) purchased pharmaceutical drugs in New York and (ii) were billed in New York. Lastly, as previously stated, (e) Plaintiff's and Defendants' residences/ places of business are New York and Missouri, respectively.
>
> In light of the foregoing, the Court shall apply New York law to the state law issues.

**DISCUSSION**

In considering a motion to dismiss under Rule 12(b), the court must take all factual allegations in plaintiff's complaint as true, view the complaint in the light most favorable to plaintiff, and dismiss the action only if the complaint demonstrates on its face that there is an insurmountable obstacle to relief. *Alexander v. Peffer*, 993 F.2d 1348, 1349 (8th Cir. 1993) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### I. RULE 12(b)(1)

Under the Federal Rules, a plaintiff is not required to plead with specificity; however, a complaint must include an affirmative allegation of the basis for subject matter jurisdiction. Fed. R. Civ. P. 8(a). Further, where the court's jurisdiction is dependent upon plaintiff's capacity to sue, plaintiff is charged with proving the same.[FN3] *See, e.g.*, *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989) (affirming dismissal of claim because party failed to allege proper jurisdictional capacity as required by Rule 9(a)); *Anoka*, *supra* note 3, at 162-63 (Although as plan administrator and named fiduciary, plaintiff was proper party to bring ERISA claim, failure to identify himself as such in the complaint divested the court of its jurisdiction.) (citing Fed. R. Civ. P. 9(a)).

> **FN3**. *Anoka Orthopaedic Associates, P.A. v. Mutschler*, 773 F.Supp. 158, 163 n.7 (D.Minn. 1991) ("Rule 9(a) provides that capacity to sue or be sued need only be averred 'to the extent required to show the jurisdiction of the court.' Thus, for example, if the right to bring the particular type of action that has been commenced is limited to persons suing in a certain capacity, it is necessary to include an allegation of capacity to give the court jurisdiction and to satisfy the requirements of Rules 8(a)(1) and 9(a).") (citing CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1206 at 96-97 (1990) (footnotes omitted)).

Here, Plaintiff's first alleged jurisdictional basis is under 29 U.S.C. § 1132(a)(2), which grants district courts exclusive jurisdiction over ERISA claims.[FN4] Alternatively, the original[FN5] complaint bases subject matter jurisdiction over Plaintiff's "federal claims" pursuant to 28 U.S.C. § 1331, which provides for federal question jurisdiction. Finally, the complaint asserts that the Court may assert supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over its state law claims. Once any of Plaintiff's claims come within the original jurisdiction of the Court, jurisdiction will be proper as to all claims. *Franchise Tax Board of Cal. v. Construction Laborers*

*Vacation Trust for Southern Cal.*, 463 U.S. 1, 13 (1983). That having been said, if the Court is without original subject matter jurisdiction under both Sections 1132(a)(2) and 1331, the federal and state claims must be dismissed.

> **FN4**. Plaintiff's complaint alleges only one claim under ERISA, e.g., breach of fiduciary duty. (Doc. #17, filed Mar. 9, 2006.)
> **FN5**. Plaintiff currently alleges that federal subject matter jurisdiction over this matter is solely based upon Section 1132(a) of ERISA. (Doc. #17: 6 n.1, 9.)

### A. Subject Matter Jurisdiction Under 29 U.S.C. § 1132(a)(2)

Section 1132(a) defines the jurisdictional scope of state and federal courts with respect to civil actions brought under ERISA. Plaintiff's complaint alleges that the Court has jurisdiction under Section 1132(a)(2), which provides that a civil action asserting a claim for breach of fiduciary duty may be brought by the Secretary of Labor; or a participant in, beneficiary of, or fiduciary for, an ERISA plan. 29 U.S.C. §§ 1132(a)(2), 1109. Although Plaintiff's complaint asserts a claim for breach of fiduciary duty, the complaint does not address whether Plaintiff is, or is required to be, one of the enumerated parties under Section 1132(a)(2). Rather, the complaint first alleges that Plaintiff is a trustee of Local 153 Health Plan (Doc. #1 at 5), and later that Plaintiff is a "trust fund established and maintained for the purpose of providing health benefits..." (Doc. #1 at 5-6.)

For purposes of a 12(b) motion, the Court assumes Plaintiff meets ERISA's definition of an "employee welfare benefit plan" ("plan").[FN6] Thereupon, in determining whether the Court has jurisdiction over Plaintiff's claims pursuant to Section 1132(a)(2), the Court must first decide whether Plaintiff, as a plan (or trust fund), was intended to fall within the scope of parties empowered to bring civil actions under that section. Next, absent any affirmative proof or pleading that Plaintiff is in fact one of the parties enumerated under Section 1132(a)(2), the Court must independently address whether Plaintiff's status as a plan is, per se, fiduciary.

> **FN6**. 29 U.S.C. § 1002(1) defines "employee welfare benefit plan," in pertinent part, as any fund established or maintained by an employee organization to the extent that such fund was established or is maintained for the purpose of providing [specified health benefits] to its participants, or their beneficiaries.

Any time a federal court interprets an act of Congress, it should consider the limited jurisdiction of federal, as opposed to state, courts; and their inability to develop and apply federal common law. *City of Milwaukee v. Illinois*, 451 U.S. 304, 312 (1981) (citing *Erie*, 304 U.S. at 78). "[F]ederal lawmaking power is vested in the legislative, not the judicial, branch of

5

government; therefore, federal common law is 'subject to the paramount authority of Congress.' " *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77, 95 (quoting *New Jersey v. New York*, 283 U.S. 336, 348 (1931)). Therefore, a federal court may not generally formulate and apply federal common law, absent an enabling act of Congress. *Erie*, 304 U.S. at 78.

The Supreme Court has specifically described ERISA's language as "comprehensive" legislation.

> The six carefully-integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted ∴ provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a "comprehensive and reticulated statute." *Massachusetts Mutual Life Insurance Co. v. Ruell*, 473 U.S. 134, 146 (1985) (emphasis in original) (quoting *Nachman Corp. v. Pension Benefit Guaranty Corp.*, 446 U.S. 359, 361 (1980)).

Given the expansiveness of ERISA's statutory language, courts generally abstain from expanding federal jurisdiction thereupon. *See*, *e.g.*, *Middlesex County Sewage Authority v. National Sea Clammers Association*, 453 U.S. 1, 14-15 (1981) (" '[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.' ") (quoting *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15 (1979)). *See*, *e.g.*, *Moline Machinery, Ltd. v. Pillsbury Co.*, 259 F.Supp.2d 892, 897 (D.Minn. 2003) ("federal courts should not engraft a remedy or a statute, no matter how salutary, that Congress did not intend to provide").

### i. Plan under Section 1132(a)(2)

There has been much discord regarding the ability of plans, acting on their own behalf, to originate actions in federal court under Section 1132 of ERISA. This Court follows the majority in concluding that plans do not enjoy such ability.

Although the Eighth Circuit has not addressed whether the grant of jurisdiction in Section 1132 is exclusive; thereby prohibiting an ERISA action by an entity not enumerated therein, i.e. a plan; the majority of courts construe Section 1132 narrowly. *See*, *e.g.*, *Buttram v. Central States, Southeast and Southwest*, 781 F.Supp. 1429, 1430-31 (D.Mo. 1992) (Section 1132 does not authorize fund to bring ERISA action in its own name); *Carpenters Dist. Council v. Bowlus Sch. Supply, Inc.*, 716 F.Supp. 1232, 1235 (D.Mo. 1989) (plans are not enumerated parties under ERISA and may not initiate actions in federal court); *accord*, *.e.g.*, *Minnesota Laborers Health*

6

*and Welfare Fund v. Greenworks, Inc.*, No. 03-888, 2003 WL 21488149, at *2 (D.Minn. June 20, 2003); *Kahler Corp. v. John Hancock Mut. Life Ins. Co.*, No. 4-88-1109, 1989 WL 119176, at *9-10 (D.Minn. Oct. 2, 1989) (same); *Stanton v. Gulf Oil Corp*, 792 F.2d 432, 434-35 (4th Cir. 1986) (ERISA's provisions will be construed narrowly); *Northeast Department ILGWU Health & Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund*, 764 F.2d 147, 152-54 (3d Cir. 1985) (same); *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983) (ERISA claim may only be asserted by enumerated party under Section 1132).

*See*, *e.g.*, *Peoria Union Stockyards Co. v. Penn Mutual Life Insurance Co.*, 698 F.2d 320, 326 (7th Cir. 1983) (ERISA plan has standing); *Fentron Industries, Inc. v. National Shopmen Pension Funds*, 674 F.2d 1300, 1304-05 (9th Cir. 1982) (under Section 1132, employer has standing to bring suit against fund); *Coleman Clinic v. Massachusetts Mut. Life Ins. Co.*, 698 F.Supp. 740, 745 (D.Ill. 1988) (plan has the right to sue); *Donovan v. Schmoutey*, 592 F.Supp. 1361, 1390 (D.Nev. 1984) (same).

Section 1132(a), titled "Persons empowered to bring a civil action," list specific parties (none of which include a plan) so "empowered" to bring certain claims. 29 U.S.C. § 1132(a)(1)-(10). Further, subsection (e), affording federal jurisdiction, details the parties (of whom none is a plan) over which district courts exercise exclusive jurisdiction. Some courts have reasoned that Section 1132(d), which entitles plans to sue or be sued, guarantees plans the same rights as those parties enumerated in Section 1132(a). *Coleman*, 698 F.Supp. at 744 (plan's ability to sue is consistent with language of 1132(d)(1)). *But see Pressroom*, 700 F.2d at 893; *and Buttram*, 781 F.Supp. at 1431. However, the Court simply cannot infer such intent. As the Court in *Empire Healthchoice Assur., Inc. v. McVeigh*, 126 S.Ct. 2121 (2006) noted, "[h]ad Congress found it necessary or proper to extend federal jurisdiction to [non-enumerated claims or parties], it would have been easy enough to say so." *Id*. at 2134-35.

Absent Eighth Circuit precedent, and in light of congressional intent and the limited jurisdiction of federal courts, this Court follows the majority view and holds that a plan may not originate an action in federal court pursuant to Section 1132(a)(2).

### ii. Plan as Fiduciary Under Section 1132(a)(2)

ERISA defines "fiduciary" as one who acts in the capacity of manager, administrator, or financial adviser to a plan.[FN7] *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 113 (1989); 29 U.S.C. § 1002(21)(A). However, courts must functionally confer fiduciary status only to the extent to which a party exercises discretionary authority or control. *Firestone*, 489 U.S. at 113 (quoting §1002(21)(A)(i)). ERISA defines " 'fiduciary' not in terms of formal trusteeship, but in *functional* terms of control and authority over the plan." *Mertens v. Hewitt Associates*, 508 U.S. 248, 262 (1993) (emphasis in original). Therefore, a plan may assert a right to sue as its own fiduciary where it presents evidence that it meets the functional qualifications of 29 U.S.C. § 1002(21)(A). *Contract Cleaning Maintenance, Inc. v. Marks*, No. 94 C 7204, 1995 WL 495922, at *2-3 (D.Ill. Aug. 16, 1995) (citing *Mertens*, 508 U.S. at 262).

> **FN7**. 29 U.S.C. § 1002(21)(A) defines "fiduciary" as: a person (i) exercising any discretionary authority or control with respect to management of a plan or the disposition of its assets; (ii) rendering (or having the authority or responsibility to render) compensated investment advice with respect to money or property of the plan; or (iii) having any discretionary authority or responsibility in the administration of such a plan.

ERISA's language evinces legislative resolve to distinguish between plans and fiduciaries. Specifically, Section 1002 separately defines plans, *id*. at §1002(1); and fiduciaries, *id*. at §1002(21). Further, the placement and use of these terms throughout ERISA's provisions further clarifies congressional intent to provide different parties access to different remedies. To wit, fiduciaries are empowered to bring civil actions only pursuant to subsections 1132(a)(2), (a)(3), and (a)(9); plans are not found anywhere in Section 1132(a) as parties capable of asserting claims. Under 1132(d), a plan has the right to sue or be sued as an entity. *See Pressroom*, 700 F.2d at 893 (The existence of Section 1132(d)(1), establishing the right of plans to sue, does not give plans the right to sue in federal court; rather, it merely authorizes such actions where jurisdiction is otherwise proper.). *But see Coleman*, 698 F.Supp. at 744 (plan's ability to sue is consistent with language of 1132(d)(1)).

This Court will not interpret the separate definitions, placement, and uses of the terms "plan" and "fiduciary" to be without reason and intent. *See*, *e.g.*, *Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 16 (2004). Therefore, the Court finds the jurisdictional capacity of "plans" and "fiduciaries" distinguishable.

8

Equally clear is congress' intent to account for situations in which plans do come within the statutory meaning of "fiduciary." Section 1002(21)(A) provides that "a person is a fiduciary with respect to a plan..." In that a trust is included in ERISA's definition of a "person," the Court concludes that a plaintiff-trust may plead facts to qualify as an ERISA fiduciary. *See* 29 U.S.C. §1002(9). *See*, *e.g.*, *Local 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 982 (9th Cir. 1999) (Section 1002(21)(A) suggests that "person" and "plan" must be separate entities), *cert. denied*, 528 U.S. 1156 (2000); *Fentron*, 674 F.2d at 1304-05 (plans may be fiduciaries eligible to bring suit under Section 1132, where the facts sufficiently prove such status); *Giardono v. Jones*, 867 F.2d 409, 412-13 (7th Cir. 1989) (non-enumerated party may have standing to sue under ERISA if it arguably fell within the zone of interests protected by the statute). Several other courts[FN8] have followed this line of reasoning and held that plans may be fiduciaries so long as the plaintiff establishes such status.

> **FN8**. For more caselaw, *see*, *e.g.*, *U.S. Steel Min. Co., Inc. v. District 17, United Mine Workers of America*, 897 F.2d 149, 152 (4th Cir. 1990) (fund as plan administrator is fiduciary); *Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co.*, 809 F.2d 617, 625-26 (9th Cir. 1987) (party is fiduciary where facts establish discretionary authority or responsibility over management of plan); *Mutual Life Ins. Co. of New York v. Yampol*, 840 F.2d 421, 423-24 (7th Cir. 1988) (Director of trust is fiduciary in that he negotiates, solicits, drafts contracts, and acts in general as the manager of the Trust). *C.f. Saramar Aluminum Co. v. Pension Plan for Employees of the Aluminum Indus. & Allied Indus.*, 782 F.2d 577, 580-82 (6th Cir. 1986) (plan was fiduciary and proper plaintiff under Section 1132, where it was administered by its Administrative Board which had full power and authority to carry out all its provisions).
> The court in *Contract Cleaning*, at *4 dismissed plaintiff's complaint, holding that a plan was not a fiduciary, per se. The court explained that although ERISA affords a plan status as a legal entity that "may sue or be sued," plans were not explicitly given the right to sue under Section 1132(a)(2). *Id.* at *3. Because Congress had specifically enumerated and defined the parties and terms, "courts may not imply a cause of action under ERISA for non-enumerated parties." *Id.* (citing *Giardono*, 867 F.2d at 413). That having been said, the court noted that a plan could plead facts and establish itself as a fiduciary. *Contract Cleaning*, at *4.

Thereupon, the Court finds that a plan may qualify as a fiduciary for purposes of jurisdiction pursuant to 1132(a)(2). With that in mind, the Court turns to Plaintiff's complaint.

Here, aside from the unsubstantiated statement that Plaintiff is a trustee (Doc. #1 at 5), Plaintiff's complaint does not allege any facts to establish its status as a fiduciary, or any other enumerated party, under Section 1132(a)(2). Specifically, the complaint is void of any suggestion that Plaintiff owes fiduciary duties to, or performs fiduciary functions for, the plan. Plaintiff's sole

9

allegation is that it is a trustee, while at the same time a trust fund.  *See Local 159*, 185 F.3d at 982 (ERISA plan may not be its own fiduciary).

To be clear, the Court is not holding that plans may in no instances qualify as fiduciaries eligible to bring suit under Section 1132(a)(2).  Rather, the Court holds that such status must be pled and established by the plaintiff.  Absent this showing, a plan (or trust fund) will not, per se, be deemed a fiduciary of itself.  *See Kahler*, at *10 (claims dismissed where plaintiff trust fund did not provide any facts establishing fiduciary status); *Buttram*, 781 F.Supp. at 1431-32 (claim dismissed where there was no basis for concluding fund may be deemed fiduciary).

The Eighth Circuit has similarly relied on the record to determine whether a party has capacity to sue under Section 1132.  *Compare Prudential Ins. Co. v. Doe*, 76 F.3d 206, 208 (8th Cir. 1996) (Although employers are not enumerated parties under Section 1132, plaintiff-employer may have standing where it is closely held, and shareholders are also beneficiaries in their individual capacities.); *with Moline*, 259 F.Supp.2d at 897 (citing *Hahn Acquisition Corp. v. Hahn*, 137 F.Supp.2d 895, 897 (D.Mich. 2001)) (an employer bringing suit on its own behalf, e.g., to enforce terms of a purchase agreement, does not have standing).  *But see Carpenters*, 716 F.Supp. at 1235 (Section 1132(e)(1) "should be viewed as an exclusive grant limited to actions brought by entities enumerated therein.").

Therefore, although Plaintiff claims this Court has jurisdiction over its complaint, it bears the duty to establish such jurisdiction in the "statement of [its] own claim," and it is the Court's duty to determine whether it is a case "arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute."  *Franchise*, 463 U.S. at 9-10 (discussing the "well pleaded complaint rule") (citing *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)).  Based upon statutory language and succeeding common law, a district court only enjoys original jurisdiction pursuant to Section 1132 in those instances in which the plaintiff's complaint contains facts necessary to prove its standing.  Here, the Court concludes that Plaintiff's status as a plan does not automatically entitle it to bring claims under 1132(a)(2), and Plaintiff's complaint does not establish its capacity as a fiduciary or other party entitled to sue.  Accordingly, the Court does not have jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 1132(a)(2).  The Court alternatively considers whether this action may be brought under 28 U.S.C. § 1331.

### B. Subject Matter Jurisdiction Under Section 1331

Under 28 U.S.C. § 1331, district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." Generally, courts exercise such jurisdiction "only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987) ("plaintiff is the master of the complaint ∴ and ∴ the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.").

Here, in its response to Defendants' motion to dismiss, Plaintiff stated that "the basis of Federal jurisdiction in this matter over Plaintiff's claims arises under ERISA." (Doc. #17: 6 n.1.) Therefore, having found that jurisdiction over ERISA claims does not exist pursuant to 1132(a)(2), *supra*, and the fact that Plaintiff affirmatively asserts this as its only basis for federal jurisdiction, the Court would generally abstain from further addressing potential jurisdiction pursuant to 28 U.S.C. § 1331. Further, Plaintiff's reliance upon 28 U.S.C. § 1367(a) as the jurisdictional hook as to its state law claims is without support; Section 1367(a) confers jurisdiction only in those cases where one of plaintiff's claims arises under federal law. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 n.3 (2003). Therefore, without jurisdiction under Section 1132(a) or Section 1331, this Court is without license to entertain either of Plaintiff's federal or state law claims.

Notwithstanding, both Plaintiff and Defendants argue the potential effects of pre-emption upon the Court's Section 1331 "arising under" jurisdiction. The Court finds that complete pre-emption does not apply to the instant matter; the reasoning found herewith.

#### i. Complete Pre-emption

Complete pre-emption is an exception to the well-pleaded complaint rule, wherein a court will look beyond the complaint and assess the nature of the suit, even where plaintiff's complaint contains solely state law claims. In such situations, federal "arising under" jurisdiction may be triggered if a federal statute wholly displaces a particular area, and one of plaintiff's claims comes within the scope of that area, making such a claim necessarily federal in character. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) *(*citing *Beneficial*, 539 U.S. at 8); *Lundeen v. Canadian Pacific Ry. Co.*, 447 F.3d 606, 611 (8th Cir. 2006) (citing *Gaming Corp. of Am. v.*

11

*Dorsey & Whitney*, 88 F.3d 536, 543 (8th Cir. 1996)). *See also Lyons v. Philip Morris Inc.*, 225 F.3d 909, 912 (8th Cir. 2000) ("Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law."). In guiding the pre-emption analysis, congressional intent is the "ultimate touchstone," and courts should adhere to express statutory provisions. *Lundeen*, 447 F.3d at 611-12 (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45 (1987); *and Peters v. Union Pacific R.R.*, 80 F.3d 257, 261 (8th Cir. 1996)).

The Congressional intent behind ERISA is to "protect ∴ the interests of participants in employee benefit plans and their beneficiaries" by setting out substantive regulatory requirements for employee benefit plans and to "provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b); *Aetna*, 542 U.S. at 208-09. Despite the expansive pre-emptive provisions under 29 U.S.C. § 1144,[FN9] ERISA's pre-emptive force is limited to the enforcement mechanism in 1132(a). *See Massachusetts Mut.*, 473 U.S. at 146 (ERISA's limited coverage of particular claims and parties was not unintentional.). *See generally Franchise*, 463 U.S. at 21-28:

> ERISA enumerates the parties entitled to seek a declaratory judgment under § 502 of that Act; it does not provide anyone other than participants, beneficiaries, or fiduciaries of an ERISA-covered plan with an express cause of action for a declaratory judgment on the issues of this case. A suit for similar relief by some other party does not "arise under" that provision. *Franchise*, 463 U.S. at 27.

> **FN9**. 29 U.S.C. § 1144(a) provides, in relevant part, that ERISA's provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."

It is well settled that suits under Section 1132(a) present a federal question for purposes of federal court jurisdiction. *Aetna*, 542 U.S. at 200-201 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)); *Lyons*, 225 F.3d at 912 (citing *Hull v. Fallon*, 188 F.3d 939, 942 (8th Cir. 1999)). However, that section confers federal jurisdiction only in cases in which: (i) the plaintiff is eligible to bring a claim under Section 1132(a), and (ii) the subject matter of plaintiff's claim falls within the scope of 1132(a). *Moline*, 259 F.Supp.2d at 897 (citing *Blaylock v. Hynes*, 104 F.Supp.2d 1184, 1188-89 (D.Minn. 2000)).

As regards the instant case, the Court must first determine whether any of Plaintiff's claims come within the scope of Section 1132(a). Here, the Court finds, even assuming, *arguendo*, that Plaintiff's claims are pre-empted by ERISA; as a plan (or trust), Plaintiff is not a

party empowered to bring a civil action under Section 1132(a). Additionally, Plaintiff's complaint does not establish that it is related to any of the parties entitled to bring suit under 1132(a); e.g., Plaintiff has not proven its purported status as a fiduciary. *See supra*. Therefore, the Court finds that Plaintiff lacks the capacity to bring suit under Section 1132(a); on that basis, complete preemption does not apply.[FN10]

> **FN10**. *See*, *e.g.*, *Empire*, 126 S.Ct. at 2136 (no jurisdiction under Section 1331 where statute did not extend federal jurisdiction over certain claims or parties at issue); *Id.* at 2132 (citing *Boyle v. United Technologies Corp.*, 487 U.S. 500, 507-08 (1988)) ("[T]he involvement of 'an area of uniquely federal interest .·.·. establishes a necessary, not a sufficient, condition for the displacement of state law ...'" Sufficiency is established when the entire body of state law conflicts with the federal interest and therefore requires replacement. Pre-emption is not appropriate in cases where "the conflict is confined, and 'only particular elements of state law are superseded.'"). *See also Whitworth Bros. Storage Co. v. Central States, Southeast and Southwest Areas Pension Fund*, 794 F.2d 221, 228 (6th Cir. 1986) (ERISA suit brought by party not enumerated under Section 1132(a) does not arise under that provision); *compare with Lyons*, 225 F.3d at 912 (complete pre-emption existed where trustee, as ERISA fiduciary, brought claim within the scope of 1132(a)); *and Kahler*, at *6 (claim was based on federal common law and employer was suing as a fiduciary; therefore preemption applied).

Accordingly, this Court lacks subject matter jurisdiction over, and should therefore dismiss, the current action. *See Bannister v. Sorenson*, 103 F.3d 632, 636 (8th Cir. 1996) (If the plan in question is not an "ERISA plan," federal courts do not have subject matter jurisdiction, and dismissal is proper.) (citing *Kulinski v. Medtronic Bio-Medicus, Inc.*, 21 F.3d 254, 256 (8th Cir. 1994)).

## II. PLAINTIFF'S INFORMAL REQUEST TO AMEND

In response to Defendants' motion to dismiss, Plaintiff requests leave to file an amended complaint to name a proper plaintiff, claiming a right under 15(a). For the reasons outlined below, the Court **HEREBY GRANTS** Plaintiff's request.

As a threshold matter in each case, a district court must satisfy its own jurisdictional requirements. *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987) (citing *Rock Island Millwork Co. v. Hedges-Gough Lumber Co.*, 337 F.2d 24, 26-27 (8th Cir. 1964)).

The Court disagrees with Plaintiff's assertion that its failure to name a proper party is a technical defect. *See*, *e.g.*, *Blackmar v. Lichtenstein*, 578 F.2d 1273, 1276 (8th Cir. 1978) ("Lack of capacity to sue is a bar to any legal action..."); *Anoka*, 773 F.Supp. at 163 ("[Plaintiff]'s failure to allege jurisdictional capacity is more than a technical oversight [and warrants dismissal].");

*Corbin v. Blankenburg*, 39 F.3d 650, 653 (6th Cir. 1994) ("[I]f the action had been brought by a person not statutorily authorized to bring it, the absence of subject matter jurisdiction could not have been cured by substituting an authorized plaintiff for the unauthorized plaintiff."); *Pressroom*, 700 F.2d at 893 ("The longstanding and clear rule is that 'if jurisdiction is lacking at the commencement of [a] suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim.'") (citations omitted).

In this regard, Defendants argue that without subject matter jurisdiction over the present matter, this Court is without authority to grant Plaintiff leave to amend its complaint. *See*, *e.g.*, *Buttram*, 781 F.Supp. at 1431 (fund was not a proper plaintiff under Section 1132, therefore the court was without jurisdiction to grant leave to amend to substitute trustees of fund); *Minnesota Laborers*, at *2 ("Because the Court has never had subject matter jurisdiction over this matter, it has no power to allow Plaintiffs to amend. Plaintiffs must instead file a new lawsuit, naming [a proper party] authorized to bring suit ...") (citations omitted); *Moline*, 259 F.Supp.2d at 906 n.7 (Without subject matter jurisdiction, the court is not "jurisdictionally empowered" to rule on the motion to amend.); *Anoka*, 773 F.Supp. at 163 (Amending a complaint to add a party does not remedy a jurisdictional allegation; rather, it substitutes "a new action over which there is jurisdiction for one where it did not exist.") (citing *Pressroom*, 700 F.2d at 893).

Notwithstanding Defendants' supported position, courts have granted motions to amend in similar situations.[FN11] Further, under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should be freely granted when necessary to establish jurisdiction. *Hanson v. Hunt Oil Company*, 398 F.2d 578, 581-82 (8th Cir. 1968). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. *Id*. at 182.

**FN11**. *See*, *e.g.*, *Costello v. United States,* 365 U.S. 265, 285-86 (1961); *Dale v. Weller*, 956 F.2d 813, 815 (8th Cir. 1992) (Eighth Circuit reversed district court's denial of leave

to amend complaint where defendants were not prejudiced by the delay.); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216-17 (8th Cir. 1987) (same); *Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) ("[D]ismissal for lack of subject-matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and 41(b) is not a decision on the merits and, therefore, constitutes dismissal without prejudice."), *cert. denied*, 508 U.S. 941 (1993); *Watkins v. Lujan,* 922 F.2d 261, 264 (5th Cir. 1991) ("While a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given."); *Laird v. Ramirez*, 884 F.Supp. 1265, 1273-74 (D.Iowa 1995) ("[S]hould the court find that it lacks subject matter jurisdiction, its course, at least in the first instance, should be to grant leave to amend to cure the defective allegations."); *Quality Refrigerated Services, Inc. v. City of Spencer*, 908 F.Supp. 1471, 1488 (D.Iowa 1995) (same); Fed. R. Civ. P. 41(b) (Upon defendant's motion, a dismissal, "except one for lack of jurisdiction, improper venue, or failure to join a party," operates as an adjudication on the merits.).

Although, here, Defendants oppose Plaintiff's informal[FN12] request to amend, no allegation or evidence has come before the Court to indicate that the granting of leave would result in prejudice. Despite Plaintiff's failure to plead facts establishing this Court's jurisdiction; and in light of Plaintiff's pre-dismissal request to amend, and the liberal amendment policy of 15(a); the Court finds that leave is proper. *See Sanders*, 823 F.2d at 217 ("delay alone is not reason in and of itself to deny leave to amend.") (citing *Buder v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981)); *Sanders*, 823 F.2d at 217 (the opposing party must prove that delay resulted in unfair prejudice) (citing *Mercantile Trust Co. National Ass'n v. Inland Marine Products Corp.*, 542 F.2d 1010, 1012 (8th Cir. 1976) *and Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977)).

> **FN12**. The Eighth Circuit has noted that plaintiff's failure to make a formal motion to amend may not be preclusive where his willingness to amend is apparent from the record. *See Ferguson v. Cape Girardeau County*, 88 F.3d 647, 651 (8th Cir. 1996) (citing *McLaughlin v. Anderson*, 962 F.2d 187, 195 (2d Cir. 1992)). Here, Plaintiff alleges it is "ready, willing and able to rectify" its failure to name a proper party, by adding a plan trustee. (Doc. #17: 3.)

Alternatively, Defendants ask the Court to deny leave to amend in that "amending would be futile." *See McAninch v. Wintermute*, 491 F.3d 759, 766 (8th Cir. 2007) (citing *Kozohorsky v. Harmon*, 332 F.3d 1141, 1144 (8th Cir. 2003)) (A court should freely grant plaintiff's motion to amend its complaint when justice so requires, but may deny such a request where an amendment would be futile.).

15

In addressing Defendant's argument as to futility, the Court provisionally assumes proper jurisdiction (*supra*). Next, after a cursory review of Plaintiff's complaint, the Court finds at least one claim sufficiently stated against each of the named Defendants.

As to Defendant ESI, in Count I: Breach of Fiduciary Duty, Plaintiff alleges that ESI is an ERISA fiduciary in that (i) "it exercises authority and control over Plan assets"; (ii) "ESI administers the pharmacy benefits for a substantial percentage of the health plans available to ∴∴ Plaintiff ∴∴ [and] influences the choice of pharmaceuticals used by them"; and (iii) "ESI exercises control over the administration and management of the Plan available to beneficiaries, including Plaintiff and Class Members when paying prescription drug claims with Plan [sic] assets, as well as when negotiating rebates, discounts and other pricing mechanisms with entities providing services to the Plan." (Doc. #1 at ¶¶28-31.)

Assuming proper jurisdiction, and if the factual allegations set forth in the complaint are accepted as true-as they must be at this stage in the proceedings-Plaintiff has stated a viable claim against ESI pursuant to ERISA, 29 U.S.C. §§ 1104(a) and 1132(a)(3).

As regards ESI Mail, the Court similarly finds at least one claim sufficiently stated for purposes of 12(b)(6). Specifically, in Count VIII: Unjust Enrichment, Plaintiff's complaint alleges that ESI Mail is a subsidiary of ESI operating as a licensed pharmacy, which purchases and dispenses mail-order prescription drugs. (Doc. #1 at ¶¶14, 17, 21.) Although Defendants claim that Plaintiff's unjust enrichment claim is precluded in light of Plaintiff's potential contractual remedies, the Court disagrees. To wit, Plaintiff avers that the parties' contract between Plaintiff and NPA[FN13] (*supra* note 2) was for PBM services. In contrast, Plaintiff's relationship with ESI Mail is described as a consumer-pharmacy relationship.[FN14] On that basis, the evidence before the Court does not establish any express contract which governs Plaintiff's relationship with ESI Mail.

> **FN13**. NPA's obligations under the contract were assumed by ESI when ESI purchased NPA in April of 2002. (Doc. #1 at ¶3.)
> **FN14**. Plaintiff's complaint states that PBM's do not purchase or dispense drugs. (Doc. #1 at ¶¶16-18, 21.)

Further, Plaintiff states that ESI Mail was unjustly enriched because it dispensed mail-order prescription drugs to Plaintiff, was enriched by "undisclosed bulk purchase [and prompt payment] discounts on mail order prescriptions," and failed to pass these discounts on to Plaintiff. For purposes of a 12(b)(6) motion, this claim has been sufficiently stated.

**F**or the reasons stated herein, the Court *defers* a ruling on Defendants' motion to dismiss.

**T**he Court further **GRANTS** Plaintiff **TEN (10) DAYS** leave to amend its complaint to name a proper party to this action. Defendants' motion shall be adjudged at that time.

**S**o ordered.

Dated this 7th day of December, 2007.

*/s/ Stephen N. Limbaugh*
_____
**SENIOR UNITED STATES DISTRICT JUDGE**