**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

In re EXPRESS SCRIPTS, INC.,
PBM LITIGATION

Master Case No. 4:05-md-01672-SNL

This Document Relates to:

ESI-ERISA Track Cases Only

**PLAINTIFFS' RESPONSE TO DEFENDANT EXPRESS SCRIPTS, INC.'S**
**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PARTIAL**
**SUMMARY JUDGMENT AND PLAINTIFFS' STATEMENT OF MATERIAL FACTS**
**AS TO WHICH A GENUINE ISSUE EXISTS**

Pursuant to this Court's Local Rule 4.01(E), Plaintiffs respectfully submit this response to

Defendant Express Scripts, Inc.'s ("ESI") Statement of Undisputed Material Facts in Support of

Partial Summary Judgment and Statement of Material Facts as to Which a Genuine Issues Exists.

**Plaintiffs' Response to Defendant's Statement of Undisputed Material Facts**

1.      Express Scripts' "standard pricing policy, in retaining discretion over MRAs, is a
business decision outside its relationships (fiduciary, or otherwise,) with ERISA plans." In re
Express Scripts, Inc. PBM Litig. No. 4:05-MD-01672, 2008 WL 2952787 at *9 (E.D. Mo. July
30, 2008).

**Response**

ESI improperly states a conclusion of law, to which no response is required.  Moreover,

ESI misquotes Judge Limbaugh's July 30, 2008 Order in *Minshew*.  In the very next sentence in

his opinion, Judge Limbaugh recognizes that ESI's exercise of discretion in setting MAC or

MRA prices could render ESI an ERISA fiduciary:

> In contrast, ESI's discretion in setting MRAs, exclusive to the particular plans it manages, may give rise to fiduciary status. For, while it should not be held responsible for the plan sponsor's approval of discretion regarding its own pricing <u>policy</u>, the PBM shall not enjoy carte blanche with regard to an <u>exercise of discretion affecting the plan</u>.

July 30, 2008 Order at 13 (emphasis original).

While Judge Limbaugh found that ESI was not an ERISA fiduciary with respect to the Goodyear Plan due to a contract guarantee that limited ESI's discretion in setting the MRA prices paid by Goodyear (*id*. at n9), he later indicated that ESI could be deemed an ERISA fiduciary if a particular contract did not have such a guarantee. *Id.* at 26 ("These [MRA] guarantees effectively curbed ESI's grant of discretion over adjusting MRAs; therefore, the absence of such contractual provisions, *e.g.,* 1999 NEHC/ESI Addendum, may compel different results.").

2.      As a matter of course, Express Scripts uses First DataBank as the pricing source for its entire commercial book of business, without regard to any particular plan. See Tab 9, Macinski Depo. at 112:10-113:9.

**<u>Response</u>**

This statement is immaterial, but not disputed for purposes of this motion.

3.      Express Scripts negotiates rebates with pharmaceutical manufacturers "for its entire book of business, without regard to any particular plan." In re Express Scripts, Inc. PBM Litig., 2008 WL 2952787 at *11.

**<u>Response</u>**

This statement is immaterial, but not disputed for purposes of this motion.

4.      As a matter of course, Express Scripts uses the same claims processing and information systems for its entire commercial book of business, without regard to any particular plan. See Tab 31, Vallino Depo. at 31:15-24 ("All commercial book-of-business is on -- running off of what we call the Anchor platform, yes."); Tab 32, Abell Depo. at 49:20 – 50:5 ("Q. And the Anchor program -- excuse me, the Anchor platform is used for all self-funded ERISA accounts? A. The Anchor platform is used for the claims processing of all of the accounts with the exception of worker's comp."); Tab 33, Taylor Depo. 171:1-8.

**Response**

> This statement is immaterial, but not disputed for purposes of this motion.

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS
AS TO WHICH A GENUINE ISSUE EXISTS**

1.  Defendant is pursuing state law claims in *1199 New England Health Care Employees Welfare Fund (Brown) v. ESI,* (Case No. 3:04-cv-1822-AWT, D. Conn Doc. No. 57).

2.  Defendant is pursuing state law claims in *Washington Wholesalers Health and Welfare Fund (Habermehl) v. ESI,* including a claim for breach of contract. (Case No. 4:06-cv-01007-HEA Doc. No. 5).

3.  In *Washington Wholesalers*, ESI initially objected to the Plaintiffs' Complaint on the grounds that, <u>inter alia</u>, it did not allege each separate claim in a separate count. *See* July 31, 2006 letter from T. Dee to Plaintiffs' counsel. (Attached hereto as Exhibit No. 1). ESI, however, dropped its objection and chose to answer the Fund's breach of contract claim without challenging whether it was pleaded properly. (Case No. 4:06-cv-01007-HEA Doc. No. 5).

Respectfully submitted,

**FOR THE PLAINTIFF STEERING COMMITTEE
MAURY A. HERMAN
MIKE MILLER
GARY KENDALL
WILLIAM H. NARWOLD
RONALD S. GOLDSER
STEPHEN J. HERMAN
JEFFREY L. KODROFF
THOMAS M. SOBOL
KENNETH WEXLER
JEFFREY R. KRINSK
CHET WALDMAN
JOHN J. STOIA, JR.**

s/ David A. McKay

**MAURY A. HERMAN**
**DAVID A. McKAY**
**HERMAN GEREL LLP**
230 Peachtree Street, NW, Suite 2260
Atlanta, GA 30303
Telephone: (404) 880-9500
Fax No. (404) 880-9605
E-Mail: esileadcounsel@hermanmathis.com

## <u>CERTIFICATE OF SERVICE</u>

I, David A. McKay, certify that a copy of the foregoing, PLAINTIFFS' RESPONSE TO

DEFENDANT EXPRESS SCRIPTS, INC.'S STATEMENT OF UNDISPUTED MATERIAL

FACTS IN SUPPORT OF PARTIAL SUMMARY JUDGMENT AND PLAINTIFFS'

STATEMENT OF MATERIAL FACTS AS TO WHICH A GENUINE ISSUE EXISTS was sent

via E-mail to <u>esicousel@husch.com</u> on the 26th day of February 2010.


 /s/ David A. McKay
David A. McKay, Esq.
Attorney for Plaintiffs

48275