

190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105-3441
314.480.1500
Fax 314.480.1505
www.husch.com

*Attorneys and Counselors at Law*

314.480.1909 direct dial
tom.dee@Husch.com

July 31, 2006

*Via US Mail and E-Mail*

Stephen F. Meyerkord
MEYERKORD, RINEBERG & GRAHAM, LLC
1717 Park Avenue
St. Louis, Missouri 63104
sfm@meyerkordlaw.com

Gary W. Kendall
Garrett M. Smith
MICHIE HAMLETT LOWRY
RASMUSSEN & TWEEL, PLLC
500 Court Square, Suite, 300
P.O. Box 298
Charlottesville, Virginia 22902
gkendall@mhlrt.com
gsmith@mhlrt.com

Maury A. Herman
Stephen J. Herman
David A. McKay
HERMAN MATHIS
820 O'Keefe Avenue
New Orleans, Louisiana 70113
esileadcounsel@hermanmathis.com

    Re:    In re Express Scripts, Inc. PBM Litigation, 4:05-MD-1672-SNL
            (Washington Wholesalers Health and Welfare Fund v. Express Scripts,
            Inc., No. 4:06cv01007-SNL)

Counsel:

       Thank you for agreeing to an extension of time until August 30, 2006 for Express Scripts, Inc. (ESI) to respond to the Complaint filed by Washington Wholesalers Health and Welfare Fund ("Washington Wholesalers"). In beginning to prepare our response we discovered several defects which, although substantive, may have been inadvertent. We are requesting that Plaintiff cure those defects as in previous cases, so that we can still respond on August 30. The defects are as follows:

*(1) Plaintiffs' Complaint Violates Rule 10(b) Because it Improperly Lumps Separate Claims into a Single Count.*

       Washington Wholesalers, does not plead separate transactions in separate counts. Instead, the Complaint lumps all of Plaintiffs' claims together without distinction. Federal Rule of Civil Procedure 8(a) requires that a pleading contain a short and plain

# Husch & Eppenberger, LLC

Washington Wholesalers, 4:06cv01007-SNL
July 31, 2006
Page: 2

statement of the claim showing that the pleader is entitled to relief. In addition, Rule 10(b) provides as follows:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Fed.R.Civ.P. 10(b). As noted by the Eleventh Circuit, these rules "work together":

> **to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted,** and, at trial, the court can determine that the evidence which is relevant and that which is not.

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citations omitted) (emphasis added).

Consistent with Rule 10(b), the Eastern District has recognized the need to plead separate claims that are potentially based on several different transactions in separate and distinct counts. In Feutz v. Massachusetts Bonding & Ins. Co., 85 F. Supp. 418 (E.D. Mo. 1949), *aff'd*, 182 F.2d 752 (8th Cir. 1950), the court explained that it did not submit certain theories to the jury because plaintiffs failed to comply with Rule 10(b).

To avoid any such confusion, federal courts routinely grant motions to dismiss for failure to comply with Rule 10(b). See, e.g., Bautista v. Los Angeles County, 216 F.3d 837, 840-841 (9th Cir. 2000) (district court did not abuse its discretion in dismissing second amended complaint for failing to comply with Rules 8(a) and 10(b)); Iowa Health System v. Trinity Health Corp., 177 F. Supp.2d 897, 908-909 (N.D. Iowa 2001) (holding that under Rule 10(b), statutory and common-law theories of unfair competition should

Husch &
Eppenberger, LLC

Washington Wholesalers, 4:06cv01007-SNL
July 31, 2006
Page: 3

have been stated in separate counts); Belanger v. Commerce Clearing House, Inc., 25 F. Supp.2d 83, 84 (D. Conn. 1998) (granting motion to dismiss for failure to comply with Rule 10(b) because complaint, "as presently written, is confusing and does not give defendant fair notice of the claim"); Benoit v. Ocwen Financial Corp., Inc., 960 F. Supp. 287, 289-290 (S.D. Fla. 1997), aff'd, 162 F.3d 1177 (11th Cir. 1998) (granting motion to dismiss because plaintiffs' amended complaint "commingled" several different claims in one count, resulting in allegations that were "confusing, conclusory, and vague"); Linzie v. City of Columbia, Missouri, 651 F. Supp. 740, 744-745 (W.D. Mo. 1986) (in granting motion to dismiss for failure to comply with Rule 10(b), court noted that "by including multiple claims in one 'count,' confusion results").

On its face, the Washington Wholesalers complaint violates Rule 10(b), and creates unnecessary confusion. As you are aware, ESI moved to dismiss the original Fidelity complaint, in part, for failure to comply with Rule 10(b). Fidelity subsequently amended to allege separate counts. At the very least, we believe the same cure is appropriate here.

*(2) Plaintiffs' Jury Demand is Improper.*

As you are aware, ESI previously brought motions to strike plaintiffs' jury demands in related ESI ERISA actions. See, e.g., Cameron v. Express Scripts, Inc., 4:03cv01520-SNL ("Cameron"); Mixon et al. v. Express Scripts, Inc., 4:03cv01519-SNL ("Mixon"). The Court granted ESI's motions, finding them "well taken." See Cameron, Dkt # 40 (granting motion to strike); Mixon, Dkt. # 45 (adopting Cameron Order). ESI is aware of no change in the longstanding ERISA precedent that would justify reassertion of the same jury demand, by the same attorneys, in this MDL tag-along action. Indeed, it is well established that there is no right to a jury trial under ERISA. See Langlie v. Onan Corp., 192 F.3d 1137, 1141 (8th Cir. 1999) ("there is no right to a jury trial under ERISA"); Williams v. Southwestern Bell Corp., 124 F.3d 209, 1997 WL 540951 at *1 (8th Cir. 1997) (same); Houghton v. Sipco, Inc., 38 F.3d 953, 957 (8th Cir. 1994) (same); In re Vorpahl, 695 F.2d 318, 319-22 (8th Cir. 1982) (same). See also Mathis v. American Group Life Ins. Co., 873 F. Supp. 1348, 1361-62 (E.D. Mo. 1994) (granting motion to strike jury demand in ERISA action); Holloway v. Eastern Elec. Apparatus Repair Co., 1994 WL 660693 at *1 (E.D. Mo. 1994) (Judge Limbaugh concluded that "Plaintiff's demand for a jury trial will be stricken and the case reset as a non-jury trial"); Browning v. Grote Meat Co., 703 F. Supp. 790, 795 (E.D. Mo. 1988) (same); Bohlmann v. Logos School, 669 F. Supp. 951, 953 (E.D. Mo. 1987) (same); Meyer v. Phillip Morris, Inc., 569 F. Supp. 1510, 1511 (E.D. Mo. 1983) (same).

2416389.01

# Husch & Eppenberger, LLC

Washington Wholesalers, 4:06cv01007-SNL
July 31, 2006
Page: 4

    We would prefer not to burden the Court with these issues. Accordingly, we would like to give you an opportunity to withdraw the current complaint and cure. If you can do so by August 11, 2006, ESI can still answer or otherwise respond by August 30, 2006. We look forward to your reply.

                          Very truly yours,

                          Thomas M. Dee

2416389.01