UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re EXPRESS SCRIPTS, INC.,       ) <br>     PBM LITIGATION                              ) <br>                                                             ) <br>                                                             ) <br>                                                             ) <br> *This Document Relates to*:                       ) <br>                                                             ) <br> Jerome P. Brown v. Express Scripts, Inc ) <br> No. 4:05CV1064 HEA                          ) <br>                                                             ) | Master Case No. 4:05MD1672 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs, Jerome P. Brown and Paul Heffeman's, the named trustees of the New England Health Care Employees Union, District 1199 SEIO AFL-CIO, Request for Suggestion for Remand, [Doc. No. 355]. Defendant opposes the request. For the reasons set forth below, the Request will be denied.

Civil actions "involving one or more common questions of fact" may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407. The Multidistrict Litigation Panel consolidated these actions to "serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." *In re Express Scripts, Inc. Pharm. Benefits*

*Mgmt Litig.*, 368 F.Supp.2d 1356, 1357 (J.P.M.L. 2005). To that end, the cases have been proceeding in this Court.

In deciding whether to issue a suggestion for remand to the Panel, a transferee court is guided by the standards for remand the Panel uses. *In re Bridgestone/Firestone, Inc.,* 128 F.Supp.2d 1196, 1197 (S.D.Ind.2001). The MDL Panel is to remand any action transferred into a MDL proceeding "at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated ...." 28 U.S.C. § 1407(a). "The plain language of section 1407 accords the Panel discretion to remand cases before the conclusion of pretrial proceedings, and courts routinely have read the statute in that flexible fashion." *In re Brand-Name Prescription Drugs Antitrust Litig.,* 264 F.Supp.2d 1372, 1375 (Jud.Pan.Mult.Lit.2003) ( *citing In re Patenaude,* 210 F.3d 135, 145 (3d Cir.2000)).

In exercising this discretion, "[t]he transferee court should consider when remand will best serve the expeditious disposition of the litigation." Manual for Complex Litigation, Fourth § 20.133 at 225. As § 1407(a) sets forth, the purpose of pretrial consolidation or coordination is "for the convenience of the parties and witnesses and [to] promote the just and efficient conduct of such actions," so "the decision of whether to suggest remand should be guided in large part by whether

one option is more likely to insure the maximum efficiency for all parties and the judiciary." *United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.,* 498 F.Supp.2d 25, 38 (D.D.C.2007) (citation omitted).

Generally, in cases where remand has been deemed appropriate, "there was no efficiency gain to be had by keeping the case before the transferee court." *United States ex rel. Hockett v. Columbia/ HCA Healthcare Corp.,* 498 F.Supp.2d at 38 ( *citing In re Baseball Bat Antitrust Litig.,* 112 F.Supp.2d 1175 (Jud.Pan.Mult.Lit.2000)). Remand isn't appropriate if continued consolidation will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Silica Prods. Liability Litig.,* 398 F.Supp.2d 563, 668 (S.D.Tex.2005) ( *citing In re Heritage Bonds Litig.,* 217 F.Supp.2d 1369, 1370 (Jud.Pan.Mult.Lit.2002)).

Plaintiffs in this particular case seek a suggestion of remand to the District Court of Connecticut arguing that the fundamental basis and reasons for the ESI-MDL ERISA track no longer exist. In arguing this, Plaintiffs point out that the Judicial Panel for Multidistrict Litigation determined that the formation of an MDL was necessary especially with respect to questions of class certification. Since class certification has been denied, Plaintiffs urge the Court to suggest remand to the Panel.

The Court disagrees. Pretrial proceedings have not yet been completed. The parties advise the Court that certain discovery remains. Moreover, copies of documents previously produced are located in the St. Louis metropolitan area. While the Court recognizes that some of the discovery yet to be completed will be case specific, other discovery will be applicable to all cases pending before the Court.

Additionally, Defendant anticipates filing a motion for summary judgment upon the completion of discovery on issues which are the same or similar in these cases. Addressing the merits of Defendant's motion will result in uniform results among the cases and will serve the purposes for which the cases were transferred to this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Request for Suggestion of Remand, [Doc. No. 355], is **DENIED**..

Dated this 13th day of December, 2010.

          HENRY EDWARD AUTREY
          UNITED STATES DISTRICT JUDGE