UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re EXPRESS SCRIPTS, INC., PBM LITIGATION | ) ) ) ) ) ) Master Case No. 4:05MD1672 HEA |

*This Document Relates to*:

Gerald Minshew v. Express Scripts, Inc., et al. (4:02-cv-1503) (Minshew)

Richard Mixon & Sam Clay v. Express Scripts Inc., et al., (4:03-cv-001519) (Mixon/Clay)

Karen Cameron v. Express Scripts, Inc., et al., (4:03-cv-001520) (Cameron)

Food Employers Labor Relations Association & United Food and Commercial Workers Health and Welfare Fund v Express Scripts, Inc., et al., (4:06-cv-01612) (Weiss)

Local 888 Health Fund v Express Scripts, Inc., et al., (4:06-cv-01611) (Bruny)

New England Health Care Employees Welfare Fund v Express Scripts, Inc., et al., (4:05-cv-01081) (NEHC)

United Food and Commercial Workers Health and Welfare Fund v Express

Scripts, Inc., et al., (4:06-cv-01541)
(Lowthers)

United Food and Commercial Workers
Health and Welfare Fund of Northeast
Pennsylvania v Express Scripts, Inc., et
al., (4:06-cv-01526) (Kessler)

Washington Wholesalers Health and
Welfare Fund v Express Scripts, Inc.,
et al., (4:06-cv-01007) (Washington
Wholesalers

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Partial Summary Judgement, [Doc. No. 379]. Plaintiffs oppose the motion. For the reasons set forth below, the Motion is granted in part and denied in part, without prejudice.

On July 30, 2008, Judge Limbaugh, of this Court, entered partial summary judgment in favor of Defendant in *Gerald Minshew v. Express Scripts, Inc., et al.*, 4:02CV1503, with respect to Defendant's discretion over four of five functions Defendant performs as a PBM. Based on this ruling, Defendant moves for partial summary judgment, arguing that Judge Limbaugh's Order applies equally to the eight "copycat" cases that make up the ESI-ERISA track cases. Plaintiffs argue that Judge Limbaugh's Order was only applicable to *Minshew,* and that their cases turn on the specific contracts at issue.

Judge Limbaugh's analysis of the issues presented to him may be applicable to the eight "copycat" cases. However, whether the rulings made by Judge Limbaugh should apply to these cases requires an analysis as to whether the rulings were specific to the plans. Thus, the Court will address each of these rulings for a determination of whether they specifically apply to the eight cases.

*Whether, when determining the price that Plaintiffs pay for Generic Drugs by creating and/or modifying one or more MRA Lists and/or Price, ESI is exercising discretion.*

Judge Limbaugh held that ESI's standard pricing policy, in retaining discretion over MRAs, is a business decision *outside* its relationships (fiduciary, or otherwise,) with the ERISA plans, citing *Pelgram v. Herdrich*, 530 U.S. 211, 226, which in turn, cited 29 U.S.C. § 1109(b) (no fiduciary liability for acts preceding fiduciary status.) Thus, the setting and/or adjusting of MRA's, while it would affect ESI's compensation, and ultimately plan assets, is not an exercise of discretion over plan management or plan assets. Plaintiffs have presented nothing to establish that this ruling, since it is not plan specific is inapplicable to all of the cases which allege a breach of ESI's fiduciary duty as it relates to the setting and/or adjusting of MRA's. As such, Defendant is entitled to summary judgment on this issue.

*Whether, determining the price paid by Plaintiffs for Brand Drugs (and in some cases, Generic Drugs) by selecting First Data Bank as the pricing Source from which the AWP of the drug is derived, is an exercise of discretion*

Defendant relies on Judge Limbaugh's conclusion that a PBM does not exercise discretion in selecting an AWP pricing source to be applied to its entire book of business, without regard to any particular plan. *Moeckel v. Caremark, Inc.,* 2007 WL 3377831, at * 15-16 (D. Tenn. 2007). That having been determined, however, Judge Limbaugh reasoned that once the PBM contracts were formed, ESI could be a fiduciary to the extent it exercised discretion over the management of a plan or disposition of plan assets. Under the NEHC and Goodyear Contracts, ESI *did not* have discretion since ESI was to determine AWP from the most current information provided to ESI by First Data Bank, with respect to the NEHC Contracts. Likewise, the parties generally understood that First Data Bank was (and would continue as) ESI's AWP pricing source, with respect to the Goodyear Contracts. Thus, where the parties' agreement authorized the use of First Data Bank as the AWP, ESI does not exercise discretion.

With respect to these eight cases, the Court is unable to ascertain whether the parties' agreements authorize and/or require ESI's use of First Data Bank as the source of AWP. Neither party has provided the Court with any terms of the

contracts from which the Court could make this determination. As such, the motion for partial summary judgment must be denied.

*Whether, while negotiating with Drug Manufacturers for "Rebates" and other compensation on behalf of the Plaintiffs, ESI exercises discretion giving rise to a fiduciary duty*

Judge Limbaugh's holdings regarding the rebates may apply to these eight cases. As Judge Limbaugh found, rebates are not *per se* plan assets. Further, in negotiating the rebates for its entire book of business, the rebates were not plan assets. *Mulder v. PSC Health Systems, Inc.*, 432 F.Supp.2d 450 460 (D.N.J. 2006); *Moeckel*, at *12-14. Under the contracts before him, once the rebates became payable, ESI was obligated to pay them. The percentage of the rebates to be paid was also set forth in the contracts.

The disposition of the rebates in the eight cases presently before the Court, however, is not clear. The parties have not specified terms of the contracts which give rise to the payment of the rebates, *i.e.*, when the rebates become payable and the percentage of the rebates that must be paid. As such, summary judgment at this stage is not appropriate.

Similarly, the determination of whether interest on the rebates cannot be ascertained until such time as the Court determines whether the rebates were

properly disbursed to Plaintiffs. Judge Limbaugh's ruling regarding the retention of interest was specific to the terms of the contracts. In the matters now before the Court, whether the interest on any rebates belongs to ESI or Plaintiffs remains to be determined as provided in the parties' agreements.

Plaintiffs do not address Defendant's argument regarding the miscellaneous conduct of ESI that allegedly makes it an ERISA fiduciary. In any event, the Court agrees with Defendant that Judge Limbaugh's holdings preclude these claims. With respect to implementing information-gathering systems and implementing claims-processing systems and whether Defendant improperly operates them, any discretion exercised by ESI is an exercise of business discretion that applies across the board to all of ESI's business and does not involve discretionary authority or control over the management or administration of a particular plan or its assets. *Moeckel*, 622 F.Supp.2d at 689; *Mulder*, 432 F.Supp.2d at 456.

Likewise, the allegation that Defendant conspired with drug manufacturers to violate the "Omnibus Reconciliation Act of 1990" (OBRA) and inflate AWP, cannot withstand Defendant's motion. As Defendant correctly argues, the alleged conspiracy does not include "any discretion with respect to the management of the [plans]" and therefore does not support any fiduciary duty owed by Defendant to

Plaintiffs. *Moeckel*, 622 F.Supp.2d at 691.

Moreover, the "sole remedy that OBRA provides for a violation of the law is a fine against the drug manufacturer, which inures to the benefit of the Government and not to private parties." *Id*. (Citing 42 U.S.C. § 1396r8(b)(3)(B)). Thus, Plaintiffs do not have standing to bring an OBRA claim. *Id*.

Defendant argues that Plaintiffs have failed to set forth sufficient facts necessary to state a claim for breach of contract. While the Court does not dispute the recitations of the law with respect to pleading requirements, this matter is before the Court on a Motion for Partial Summary Judgment. The sufficiency of Plaintiffs' breach of contract claims are not the subject of the motion, nor can the Court consider granting summary judgment for failure to sufficiently allege a breach of contract.

After consideration of the parties' arguments, the Court is of the opinion that Plaintiffs are entitled to amend complaints to add and/or amend their breach of contract claims. The Court admonishes Plaintiffs to be ever mindful of the pleading requirements set out in the applicable law and Federal Rules of Civil Procedure, as well as the arguments presented by Defendant with regard to contract provisions and ERISA preemption.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment [Doc. No. 379], is granted in part and denied in part, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs are given 14 days from the date of this Order to file Amended Complaints as provided herein.

Dated this 21st day of December, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE